UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA                    **MEMORANDUM & ORDER**
                                            13-CR-284-5 (DRH)
-against-

ALLAH BROWN,

                    Defendant.
-------------------------------------------------------X


**APPEARANCES:**

**For the Government:**
        Richard P. Donoghue
        United States Attorney
        Eastern District of New York
        100 Federal Plaza
        Central Islip, New York 11722
        By:     Charles P. Kelly, A.U.S.A.

**For Defendant:**
        Allah Brown, Pro Se
        31 Sammis Place
        Hempstead, New York 11550


**HURLEY, Senior District Judge:**

Defendant Allah Brown ("Defendant" or "Brown") moves pursuant to 29 U.S.C. § 2255 to

vacate, set aside or correct his sentence arising from a conviction in this Court. For the reasons set forth

below, the motion is denied.

## BACKGROUND

By superseding indictment filed on February 19, 2014, Brown and his co-defendants were

charged with conspiracy to commit mail fraud (Count One) and with four counts of substitutive mail

fraud (Counts Two through Five). Specifically the grand jury charged:

> 5. In or about and between March 2009 and July 2011, the defendants, . . . and others, engaged in a fraudulent scheme to obtain money from RepWest, Travelers, Allstate, GMAC, Progressive and GEICO for reimbursement of fraudulent no-fault and liability insurance claims. To accomplish this scheme, the defendants MCFADDEN, COOKE, BROWN and GERMANY, together with others, caused fraudulent claims for medical treatment, medical supplies and personal injuries to be submitted to RepWest, Travelers, Allstate, GMAC, Progressive and GEICO in connection with motor vehicle accidents which were in fact not accidents but were intentionally caused by one or more of the defendants.
> 6. It was a part of the scheme that the defendants SHAWNN MCFADDEN, also known as
> "Un," DANIEL THOMPSON, ALLAH BROWN and AHMAD JAMAL GERMANY and their co-conspirators rented vehicles from U-Haul offices in Nassau and Kings Counties that they thereafter drove and/or rode in to various locations where they either intentionally struck or were intentionally struck by another vehicle driven by a co-conspirator that resulted in staged accidents . . . .

(Superseding Indictment, ¶s 5 and 6.)

On February 11, 2015 a jury found Brown guilty of conspiracy to commit mail fraud and one count of mail fraud, finding him not guilty on three other counts of mail fraud in which the government sought, unsuccessfully, to hold him responsible as an aider and abettor.

Brown (as well as his co-defendants) moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29, asserting that the government proved not the charged conspiracy but multiple conspiracies. By Memorandum and Order, dated October 27, 2015, the motion was denied.

Brown was sentenced to a term of five years probation. He appealed his conviction, arguing that the evidence against him was insufficient and that the government proved not one but multiple conspiracies, leading to an impermissible variance between the charges and the proof at trial. By mandate issued on June 22, 2017, the Second Circuit affirmed the conviction, rejecting both arguments. With respect to the sufficiency of the evidence, the Circuit wrote:

Essentially, Brown argues that the January 22, 2010 accident took two tries, and there was insufficient evidence to prove that he knew that the second "accident" was staged. Were that true, it would be some coincidence indeed. There was ample evidence from which a rational jury could infer that Brown was in on the scam. Roshon Cooke testified that he recruited Brown as a passenger and that Brown knew what was going on.

He also remained in the car during the time of the second collision and gave statements to the police who were investigating it. It was entirely reasonable for the jury to infer that he was a willing participant in the fraudulent scheme.

Moreover, from the balance of the evidence presented to the jury about how the frauds were perpetrated and from the documentary evidence presented as proof of Brown's involvement (the police report and the $12,500 liability check), a reasonable jury could infer that he committed mail fraud.

(689 F. App'x 76, 79.) Turning to the multiple conspiracies argument, the Circuit's "review of the record and relevant case law revealed no plain error" and it affirmed "with respect to this challenge for substantially the reasons stated by the district court in its thorough and well-considered October 27, 2015 memorandum & order." (*Id*. at 80.)

Brown filed the instant motion on October 1, 2018 asserting three grounds for relief. First, he claims ineffective assistance of counsel in that his "attorney never objected to my involvement in specific evidence, . . . made no motion to sever the case . . . [and] did not object to any evidence of multiple conspiracies." Second, he claims his "Fifth Amendment right to Due Process and Sixth Amendment right to a fair trial was violated because the government was allowed to convict him of conspiracy based on evidence of actions well beyond the scope of when [his] actual accident occurred." Third, he asserts that "[t]he court disproportionally involved me in a multi fraud scheme when they only proved my involvement in 1 actual accident." (Petition (DE 497) at 4-7.)

**DISCUSSION**

**I.        Ineffective Assistance of Counsel**

**A.        Relevant Standard**

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. *Id*. at 687. *See Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, "we ask whether counsel's performance was so deficient that, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (internal quotation marks omitted); *accord Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.") (internal quotation marks omitted). A court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Indeed, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because "'[i]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'" *Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). To satisfy the prejudice prong, a petitioner must show that but for the attorney's deficient performance, there is a reasonable probability that the result would have been different. *Strickland*, 466 U.S. at 694. More is required than a mere showing "that the errors had some conceivable effect on the outcome of the proceeding," as "not every error that conceivable could have influenced the outcome undermines the reliability of the result of the proceeding." *Id*. at 693. "A

reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham*, 313 F.3d at 730.

Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically in *Strickland* noted that the federal district courts need not address both components if a petitioner fails to establish either one.  The relevant excerpt from that decision reads:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

466 U.S. at 697.

The two *Strickland* requirements are conjunctively stated, meaning that the failure to establish either is fatal.  As the trial and sentencing judge, I am able to definitely address the issue of prejudice.  *United States v. Nino*, 878 F.2d 101, 104-05 (3rd Cir. 1989) (second *Strickland* prong not satisfied given that "the district judge who considered the habeas corpus motion also was the sentencing judge to whom any Rule 35(b) motion would have been submitted, and he conclusively stated in his opinion that had a Rule 35(b) motion been submitted to him, he would not have granted it"); *see also Figueroa Almonte v. United States*, 915 F.2d 1556, 1990 WL 151372, at *3 (1st Cir. Sept. 10, 1990) (unpublished decision); *Voytik v. United States*, 778 F.2d 1306, 1310 (8th Cir. 1985); *Rainford v. United States*, 648 F. Supp. 2d 476, 484 (E.D.N.Y. 2009); *Palacios v. United States*, 2009 WL 604597, at *9 (E.D.N.Y. Mar. 4, 2009).

**B.      Brown's Claims Regarding Trial Counsel Do Not Warrant Relief**

1.      The Severance Issue

"Motions to sever are committed to the sound discretion of the trial judge." *United States*

*v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008) (internal quotation marks omitted). Given that one

conspiracy was charged and that a separate trial would have entailed duplicitous testimony, as

the trial judge I can conclusively say that such a motion would not have been granted. In any

event,  there is no prejudice and "[p]rejudice . . . cannot be presumed simply where counsel

failed to move for severance under Rule 14(a) because Rule 14(a) does not require severance and

misjoinder alone is not prejudicial." *Lobacz v. United States*, 764 F. App'x 1, 3 (2d Cir. 2019).

2.      Failure to Object to Brown's Involvement in Specific Evidence

Brown points to no specific evidence that he contends counsel should be have objected

to.  In the absence of such information, the court is unable to address the first prong of the

*Strickland* analysis. With respect to the second prong, however, there could be no prejudice

because the evidence of Brown's guilt was overwhelming. *Cf.* 689 F. App'x at 79 (describing the

evidence against Brown as "ample.").

3.      Failure to Object to Multiple Conspiracies

The final ground asserted, counsel's failure to object to multiple conspiracies, provides

no basis for relief. As this Court held in rejecting Defendant's Rule 29 motion:

> There was considerable evidence placed before the jury to suggest that the
> participants in the staged accidents knew or had reason to know that the
> conspiracy and its membership extended beyond themselves. Government
> cooperator Cooke testified that his role was to help "recruit and coach members of
> the accident [teams]," (Jan. 28, 2015 Tr. at 90), and to explain
> to them how to act when the police arrived at the accident site, making sure to
> feign "some type of injury to be recorded." (*Id*. at 91.) Tellingly, those
> instructions detailed the operable process vis-a-vis "the staged accident and going
> to the medical center, [receiving unnecessary] treat[ments], out of [which] would
> come a lawsuit down the road." (*Id*. at 91-92.) Among the

beneficiaries of Cooke's coaching were "Shawn McFadden, Allah Brown, Daniel Thompson and Ahmad Germany . . . ," i.e. the four captioned defendants. (*Id*. at 92.)

Cooke's coaching, – particularly his explanation about the complicit health care and legal professionals on board — would alert most persons to the probability that the staged accident or accidents in which they played a part were not isolated incidents but rather part of a broad-based scheme in which all — including themselves — benefitted from the scope and sophistication of the multi-layered operation. *See United States v. Sureff*, 15 F.3d 225, 230 (2d Cir. 1994). Which is to say, to the extent defendants contend that the proof at trial merely established several separate conspiracies, that argument is not convincing.

(October 27, 2015 Memorandum & Order at 38-39.) Additionally, the Court concluded that even if the evidence at trial did establish multiple conspiracies, one of the proven conspiracies involved all four of the defendants as charged in count one of the indictment and further, that even if there was a variance, it did not prejudice any of the defendants. (*Id.* at 40-42.) Given the foregoing conclusion, neither prong of *Strickland* has been satisfied.

4.      Summary

Having considered all of Defendant's claims both individually and cumulatively, the Court is confident that there is no "reasonable probability," i.e. "one sufficient to undermine confidence in the outcome of the trial," "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Dunham*, 313 F.3d at 730.

## II.      The Other Grounds Asserted

Brown asserts two other bases for relief**:** his Fifth Amendment right to Due Process and Sixth Amendment right to a fair trial was violated because the government was allowed to convict him of conspiracy based on evidence of actions well beyond the scope of when [his] actual accident occurred and he was "disproportionally involved me in a multi fraud scheme when they only proved my involvement in 1 actual accident."   He concedes, however, that he raised these issues on appeal. (*See* Pet. at 5-7.) Issues which have been adjudicated on direct

appeal may not be litigated again on a section 2255 motion. *See Davis v. United States*, 417 U.S. 333, 342 (1974); *Yick Man Mui v. United States*, 614 F.3d 50, 57 (2d Cir. 2010). Accordingly, to the extent that Brown's motion is based on these two bases, the motion is denied.

## CONCLUSION

Brown's motion pursuant to 28 U.S.C. § 2255 is denied. Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253 (c)(2), a certificate of appealability is denied, as defendant has not made a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

**SO ORDERED.**

Dated: Central Islip, New York
      September 23, 2019

/s/  Denis R. Hurley
Denis R. Hurley
United States District Judge